No. 23-60494

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

WILL McRANEY,

*Plaintiff – Appellant*,

v.

THE NORTH AMERICAN MISSION BOARD OF THE
SOUTHERN BAPTIST CONVENTION, INCORPORATED,

*Defendant – Appellee*.

On Appeal from No. 1:17-CV-80 in the
United States District Court for the Northern District of Mississippi, Aberdeen,
Hon. Glen H. Davidson, Presiding

**BRIEF OF *AMICI CURIAE* CURRENT AND FORMER
BAPTIST LEADERS IN SUPPORT OF APPELLANT AND VACATUR**

Michelle Stratton
SMYSER KAPLAN & VESELKA LLP
717 Texas Avenue, Suite 2800
Houston, Texas 77002
(713) 221-2300
(713) 221-2320 (fax)
mstratton@skv.com

*Counsel for* Amici Curiae
*Current and Former Baptist Leaders*

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ................................................................................... ii

TABLE OF AUTHORITIES ............................................................................ iii

SUPPLEMENTAL STATEMENT OF INTERESTED PARTIES ..........................1

INTEREST OF *AMICI CURIAE* ......................................................................7

ARGUMENT ......................................................................................................8

I. Principles of ecclesiastical abstention do not apply because this is not an internal dispute of "the Baptist Church." ..........................................9

II. The district court's ecclesiastical abstention perversely undermines religious liberty. .....................................................................13

CONCLUSION ..................................................................................................16

CERTIFICATE OF COMPLIANCE ..................................................................16

CERTIFICATE OF SERVICE ...........................................................................17

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*McRaney v. N. Am. Mission Bd. of S. Baptist Convention, Inc.*,
 980 F.3d 1066 (5th Cir. 2020) ............................................................. 9, 12, 13

*Our Lady of Guadalupe Sch. v. Morrissey-Berru*,
 140 S. Ct. 2049 (2020) ........................................................................ 8, 14, 15

**Rules**

FED. R. APP. P. 29 ............................................................................................ 7

**Other Authorities**

Baptist Faith and Message 2000 ................................................................... 11

Constitution of the Presbyterian Church (U.S.A.), Part II, Book of
 Order ......................................................................................................... 14

Constitution and Canons of the General Convention of the Episcopal
 Church ....................................................................................................... 14

Roman Catholic Church Code of Canon Law ............................................. 14

Southern Baptist Convention Constitution .................................................. 12

Southern Baptists of Texas Convention and Bylaws ............................. 10, 11

The Book of Church Order of the Presbyterian Church in America .......... 15

1358264.1

# SUPPLEMENTAL STATEMENT OF INTERESTED PARTIES

Under Fifth Circuit Rule 29.2, undersigned counsel supplements Appellant's Certificate of Interested Parties to fully disclose all persons with interest in this amicus brief. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

*E. Randall Adams*, Executive Director/Treasurer, Northwest Baptist Convention (2013 to present); Church Outreach Team Leader, Baptist General Convention of Oklahoma (2004-2013)

*Steve Ballew*, Executive Director, Baptist Convention of New Mexico (the State Mission Board of the BCNM voted to affirm this amicus brief's representations)

*Bill Barker*, Pastor, Wolffork Baptist Church, Rabun Gap, GA (2019-present); Associational Missions Director, Rabun County Baptist Association (2020-2023); former NAMB National Missionary to Appalachia and the Mississippi River Delta (2001-2017)

*Alex Barrett*, Pastor, Ridgeview Church, Fontana, CA

*John Batts*, Pastor, First Baptist Church, Clear Lake, WA; trustee of the Southern Baptist Convention Executive Committee; former member of the Southern Baptist Convention Nominating Committee

*Bryan Bernard*, Lead Pastor, Redemption Church, Corvallis, OR; First Vice-President, Northwest Baptist Convention (2021 to present)

*Jim Brunk*, Pastor, Cookson Baptist Church, Cookson, OK; former Associational Mission Strategist, Baptist General Convention of Oklahoma; former Director of Missions, Grady Baptist Association

*Joel Breidenbaugh*, Ph.D, Pastor, Gospel Centered Church, Apopka, FL; Member, Executive Committee, Greater Orlando Baptist Association (2008-present); President, Florida Baptist Pastors' Conference (2016)

*Dr. Harold B. Bullock*, former Senior Pastor Hope Church, Fort Worth, TX (1978-2020)

*Terry M. Buster Sr.*, Pastor, First Baptist Church, Phil Campbell, AL; Trustee and Board Chair, Hannibal-LaGrange University; Missouri Baptist Convention Constitutional Update Committee and Credentials Committee

*Jared Byrns*, Pastor, Central Baptist Church, Lawton, OK

*Travis Cardwell*, Lead Pastor, University Park Baptist Church, Houston, TX, a cooperating church of the Southern Baptists of Texas Convention and the Southern Baptist Convention

*Ken Cavey*, Pastor, Bethel Baptist Church, Ellicott City, MD; former NAMB missionary; former staff, Baptist Convention of Maryland/Delaware; Moderator, Flat River Baptist Association; former Trustee, Golden Gate Seminary

*Morris Chapman*, President Emeritus, Southern Baptist Convention Executive Committee (2010 to present); former CEO and President, Southern Baptist Convention Executive Committee (1992-2010); former President, Southern Baptist Convention (1990-1992)

*Jason Cole*, Pastor, First Baptist Church, Simsboro, LA

*Bruce M. Conley*, Directors of Missions, Blue Ridge Baptist Association, Boonsboro, MD

*Randy Covington*, Executive Director/Treasurer, Alaska Baptist Resource Network

*Rock Dearfield*, Pastor, Second Baptist Church, Ashland, KY; member, Greenup Baptist Association

*Steve Dennis*, Pastor, First Baptist Church, Checotah, OK; Moderator, Muskogee Baptist Association, Muskogee, OK

*William G. Dowdy, Jr.*, Pastor, Magnolia Baptist Church, Laurel, MS (2016 to present); former Associational Director of Missions, Warren and Yazoo County Baptist Associations (2000-2010)

*Bob Farmer*, Senior Pastor, Grace Baptist Church, Rogue River, OR; Moderator, Northwest Baptist Network

2

*C.W. Faulkner*, Pastor, First Baptist Church, Wolfforth, TX, a cooperating church of the Southern Baptists of Texas Convention and the Southern Baptist Convention

*Joe Flegal*, former Director of Evangelism & Church Health, Northwest Baptist Convention, Vancouver, WA

*Michael Freeman*, Lead Pastor, Valley Christian Fellowship, Longview, WA; Vice-Moderator, Southwest Washington Baptist Association; Chair, Evangelism and Church Health Committee of Northwest Baptist Convention Executive Committee

*Russell Fuller*, former professor of Old Testament, The Southern Baptist Theological Seminary

*Seth Gatchell*, Pastor, Pacific Church of Irvine, Irvine, CA

*Warren Gilpin*, Pastor, Mt. Zion Baptist Church, Norman Park, GA

*Bobby Gilstrap*, Executive Director, Stone Mountain Baptist Foundation (2016-2020); Executive Director, Michigan Baptist Convention (2011-2014); Associational Director of Missions, Huron and Southeastern Baptist Associations, Michigan (2001-2010)

*Ron F. Hale*, former member, Southern Baptist Convention Executive Committee; former NAMB missionary; former Baptist pastor

*Adrian W. Hall*, Transitional Interim Pastor, Trinity Baptist Church, Renton, WA; former Evangelism Director, Northwest Baptist Convention

*Thomas Hardy*, Pastor, Peninsula Baptist Church, Portland, OR

*Jeff Hessinger*, Senior Pastor, First Baptist Church, Thompson Falls, MT; former Associational Missionary Strategist, Southeast Arkansas Baptist Network; former evangelism staff, Florida Baptist Convention

*S. Grant Hignight,* Associational Mission Strategist, Mercer & Thomas County Baptist Associations, Thomasville, GA

*James Bo Holland*, Pastor, Living Hope Baptist Church, Tulsa, OK; President, Missionpoint Ministries; former Specialist and Church Planting Director. Baptist General Convention of Oklahoma (served 33 years)

3

*Donna Jefferys*, former Executive Assistant and Office Manager, Baptist Convention of Maryland/Delaware; member, The Church at Covenant Park, Columbia, MD

*Dale Jenkins*, Pastor, Airway Heights Baptist Church, Airway Heights, WA; former Trustee, Southern Baptist Convention Executive Committee; former President, Northwest Baptist Convention

*Thad King*, Pastor, Pierpoint Church, Huntington Beach, CA; Member, Orange County Southern Baptist Association and California Southern Baptist Convention

*Chris Kruger*, Pastor, Dayspring Baptist Church, Chehalis, WA

*Randy Lanthripe*, Executive Director, 17:6 Church Network; Pastor, Church in the Valley, Ontario, CA

*David Leavell*, Ph.D., Transitional Revitalization Pastor, Southwest Baptist Church, Bainbridge, GA; Executive Board, Mid-South Baptist Association; Executive Board, Tennessee Baptist Convention; Trustee, New Orleans Baptist Theological Seminary; former President, Tennessee Baptist Convention; former service on Executive Board in five Baptist associations

*Daniel A. Lee*, Pastor, Bethel Baptist Church, Greenville, SC; active in Three Rivers Baptist Association

*Tom Melzoni*, Senior Vice President, Horizons Stewardship, Cabot, AR; former Senior Executive Pastor, First Baptist Church Dallas, TX; former Pastor, Central Baptist Church, Oak Ridge, TN; former Chair, Southern Baptist Convention Resolutions Committee (1988)

*Rod D. Martin*, J.D., Founder and CEO, The Martin Organization, Inc.; member, Conservative Baptist Network; former member, Southern Baptist Convention Executive Committee

*Gus Nelson*, Dettman Law PSC; University of Virginia Law School (1988); ordained Baptist preacher and current Bible teacher

*Dan Panter*, Pastor, McKenzie Road Baptist Church, Olympia, WA; President, Northwest Baptist Convention (2021 to present)

4

*Rick Patrick*, Pastor, First Baptist Church, Sylacauga, AL; former Moderator, Bessemer Baptist Association; former Trustee, Alabama Baptist State Board of Missions

*Dennis Phelps*, Pastor, Coronado Baptist Church, Hot Springs Village, AR; former J.D. Grey Professor of Preaching, New Orleans Baptist Theological Seminary; Chair, Committee on Resolutions, Kentucky Baptist Convention (2003)

*Michael Poff*, Senior Pastor, Cornerstone Baptist Church, Warrenton, VA

*David H. Rhoades*, Senior Pastor, Broadview Baptist Church, Lubbock, TX; Trustee, Plains Baptist Assembly, Floydada, TX; former Finance Committee, Lubbock Area Baptist Association, Lubbock, TX (2019-2021); former Vice-President, Tulsa Metro Baptist Network, Tulsa, OK (2008-2010)

*Lewis Richerson*, Pastor, Woodlawn Baptist Church, Baton Rouge, LA (May 2012-present); former Administrative Council Member, Baptist Association of Greater Baton Rouge (2013-2016)

*David B. Roberts*, Pastor, Emmanuel Baptist Church, Midland, MI; Associational Mission Strategist, Bay Area Baptist Association of Michigan

*Robert D. Rodgers*, retired Vice President, Southern Baptist Convention Executive Committee

*William Schmautz*, Pastor, East Valley Baptist Church, Spokane Valley, WA; former Moderator and Chair, Missions Committee, Inland Empire Baptist Association

*Clint E. Scott*, Senior Pastor, Hilltop Baptist Church, Green River, WY

*Jeffery Stading*, Pastor, Friendship Baptist Church, Hudson, NC; former Trustee, Baptist College of Florida; former Moderator, Taylor Baptist Association, Taylor County, FL

*Dr. Keith Stell*, Senior Pastor, New Georgia Baptist, Villa Rica, GA

*Mike Stone*, Pastor, Emmanuel Baptist Church, Blackshear, GA; Chairman, Southern Baptist Convention Executive Committee (2018-2020); President, the Georgia Baptist Convention (2017-2018)

*David L. Thompson*, former NAMB Trustee and Chairman, NAMB Church Planting Division (1999-2009); former Secretary Treasurer, Southern Baptist Convention (Pastor's Conference) (2006); former Pastor, North Pointe Community Church, Nashville, TN (1999-2014)

*Ben Trigsted*, Pastor, First Baptist Church, Castle Rock, WA

*Bevan Unrau*, Senior Pastor, Seabreeze Church, Huntington Beach, CA

*Steve Wolverton*, Pastor, Canton Baptist Church, Baltimore, MD; former Baptist Foundation trustee, Baptist Convention of Maryland/Delaware

*Tim Yarbrough*, former Editor/Executive Director, Arkansas Baptist News (2010-2020); former Church Relations Director, North American Mission Board (2002-2010); former Communications Director, Missouri Baptist Convention (1995-2002); former Program Editor, Southern Baptist Brotherhood Commission (1989-1995)

*Michelle Stratton*, counsel for *amici curiae*

*/s/ Michelle Stratton*
Michelle Stratton

*Counsel for* Amici Curiae
*Current and Former Baptist Leaders*

## INTEREST OF *AMICI CURIAE*[1]

*Amici curiae* are current or former Baptist leaders. Some are active or retired pastors of local Baptist churches. Some are or have been directors, officers, or employees of state or regional Baptist conventions and associations. Some hold or have held posts in the Southern Baptist Convention or its entities, including positions at Defendant-Appellee North American Mission Board (NAMB). Many hold advanced degrees from Baptist seminaries. In short, *amici* are, by long experience and deep education, experts on Baptist polity. They are also firmly committed to the protection of religious liberty.

*Amici curiae* submit this brief because the decision below rests on a profound misunderstanding of Baptist polity: namely, that "the Baptist Church" exists (it does not) and that adjudicating this lawsuit would thus involve deciding an inner-church dispute (it would not). Further, the decision below perversely undermines religious liberty in the guise of safeguarding it. The district court denied a plaintiff the civil-law protection that is available to secular persons, because some of his claims related to his employment by an organization that serves Baptist churches and are alleged against another organization that serves Baptist churches. And the district court did

---

[1] All parties have consented to this brief's filing. *See* Fed. R. App. P. 29(a)(2). No counsel for a party authored this brief in whole or in part, and no party or their counsel made a monetary contribution intended to fund the preparation or submission of this brief. No one other than *amici curiae* or their counsel made a contribution to the preparation or submission of this brief. *See* Fed. R. App. P. 29(a)(4)(E).

7

so by defining Baptist polity *contrary to how Baptists have defined it* since their inception.

## ARGUMENT[2]

Unquestionably, secular courts may not interfere with a church or religious institution's internal dispute about church government, faith, and doctrine. The First Amendment's Religion Clauses "protect the right of churches and other religious institutions to decide matters of faith and doctrine without government intrusion." *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 140 S. Ct. 2049, 2060 (2020). This freedom includes "internal management decisions that are essential to the institution's central mission," like "the selection of the individuals who play certain key roles." *Id.*

Relying on these principles, variously called "church autonomy," "ecclesiastical abstention," and the like, the district court dismissed Plaintiff-Appellant Will McRaney's lawsuit. Like many *amici*, McRaney is a former leader of a state Baptist entity—in McRaney's case, the General Mission Board of the Baptist Convention of Maryland/Delaware (BCMD). McRaney's lawsuit alleges that NAMB, the domestic missions entity of the Southern Baptist Convention, tortiously interfered with his BCMD employment and post-termination employment efforts, inflicted emotional distress, and defamed him.

---

[2] This brief adds all emphasis and omits internal citations and quotation marks in quoted material.

The court dismissed McRaney's lawsuit on the theory that it would require the court to decide internal matters of "the Baptist Church." *See* Mem. Op. (Appellant's RE at 53–55). In a previous iteration of this case, dissenting judges of this Court took the same view, calling the lawsuit an "internal dispute" over leadership of "the church." *McRaney v. N. Am. Mission Bd. of S. Baptist Convention, Inc.*, 980 F.3d 1066, 1067 (5th Cir. 2020) ("*McRaney I*") (Ho, J., dissenting from denial of reh'g en banc); *see also id.* at 1076 (Oldham, J., dissenting from denial of reh'g en banc) (recounting history of "the Church" of England's exclusive jurisdiction over its clergy).

*Amici* say "amen" to robust judicial commitment to stay out of internal church disputes about governance, faith, and doctrine. *But this is not such a case*. The district court and judges of this Court have reasoned from the indisputably flawed premise that NAMB and BCMD are parts of a single religious institution—"the Baptist Church"—and that McRaney was a minister/leader of "the church." That is wrong. And it infringes religious liberty.

**I.    Principles of ecclesiastical abstention do not apply because this is not an internal dispute of "the Baptist Church."**

The "Roman Catholic Church," the "Episcopal Church," the "United Methodist Church," the "Presbyterian Church (U.S.A.)," and the "Presbyterian Church in America" exist. In those denominations, individual local churches are part of and under the authority of a single institution, *the* Church, exercised by a hierarchy of bishops or (for Presbyterians) a General Assembly. To varying degrees, "the

9

Church" hierarchy of those denominations, in addition to dictating doctrine, can install, discipline, and remove local church ministers and denominational entity employees.

Baptists are different. There is no such thing as "***the*** Baptist Church" or "***the*** Southern Baptist Church." Rather, each local Baptist church is *autonomous*: individual congregations rule themselves according to the governing documents and procedures they have independently established. As McRaney's expert, Dr. Barry Hankins, rightly explained to the district court, the individual autonomy of local churches is a venerable, core Baptist distinctive. *See* Appellant's Br. 12–13.

To enhance their ministry efforts, many individual Baptist churches *voluntarily* partner together in state and regional associations or conventions of Baptist churches. A representative example is the Constitution and Bylaws of the Southern Baptists of Texas Convention, which allows but does not require a Texas church to affiliate with the convention and states that "[a]ny affiliated church may withdraw from this body at its discretion."[3] Similarly, individual churches may *choose to cooperate* in the Southern Baptist Convention, a national network.

Like each local church, associations and conventions of Baptist churches are also autonomous: each is self-governed according to rules they have established for

---

[3] Southern Baptists of Texas Convention and Bylaws, Article IV, "Affiliation," *available at* https://sbtexas.com/wp-content/uploads/2023/01/SBTC-Constitution-Bylaws_2023.pdf (last visited Nov. 4, 2023).

themselves. And like local churches, state and regional conventions may *choose to cooperate* in the Southern Baptist Convention. Again, for example, the Texas Convention "fraternally cooperates with and supports the work of the Southern Baptist Convention."[4]

When local Baptist churches cooperate in state and regional conventions, and when state and regional conventions cooperate in the Southern Baptist Convention, neither the individual churches nor the individual conventions surrender any authority. Indeed, the Southern Baptist Convention's governing documents acknowledge that it has no authority over local Baptist churches or over state or regional associations and conventions of local Baptist churches. Its statement of faith, the Baptist Faith and Message 2000, defines a Baptist church as "an *autonomous local congregation* of baptized believers" and emphasizes that "each congregation operates under the Lordship of Christ through democratic processes."[5] And its constitution expressly disavows authority over those churches or their state and regional associations or conventions: "While independent and sovereign in its own sphere, *the Convention does not claim and will never attempt to exercise any*

---

[4] Southern Baptists of Texas Convention and Bylaws, Article V, "Relationships," *available at* https://sbtexas.com/wp-content/uploads/2023/01/SBTC-Constitution-Bylaws_2023.pdf (last visited Nov. 4, 2023).

[5] Baptist Faith and Message 2000, Article VI, "The Church," *available at* https://bfm.sbc.net/bfm2000/#vi (last visited Nov. 4, 2023).

Case: 23-60494 Document: 24-1 Page: 15 Date Filed: 11/07/2023

*authority over any other Baptist body, whether church, auxiliary organizations, associations, or convention.*"[6]

In a previous *amici curiae* letter to this Court, the Southern Baptist Convention's Ethics and Religious Liberty Commission—NAMB's sister entity—acknowledged these fundamentals of Baptist polity. After *McRaney I* and dissents from denial of rehearing based on mistaken understandings of Baptist polity, the Ethics and Religious Liberty Commission wrote the Court: "All Southern Baptist churches are autonomous, self-determining, and subject only to the Lordship of Christ—no local, state or national entity may exercise control or authority over any Southern Baptist church. Baptists reject the idea of a religious 'hierarchy' or 'umbrella' superior to the local church, or that any Baptist Convention is in a hierarchy or governing relationship over another Convention." Ltr. of *Amici Curiae* Ethics and Religious Liberty Commission and Thomas More Society at 1, *McRaney I*, 966 F.3d 346 (5th Cir. 2020) (No. 19-60293) (filed Dec. 14, 2020). Those statements—though too late for this Court's judges to rely on when considering rehearing en banc—are correct.

All of this necessarily means that a dispute between McRaney (a former employee of BCMD, a state Baptist convention) and NAMB (an entity of the Southern Baptist Convention) is not an "internal" dispute of "the Baptist Church."

---

[6] Southern Baptist Convention Constitution, Article IV, "Authority," *available at* https://www.sbc.net/about/what-we-do/legal-documentation/constitution/ (last visited Nov. 4, 2023).

12

1358264.1

That wrongly assumes that there is a "Baptist Church;" that McRaney, BCMD, and NAMB are all inside that single institution; and that when NAMB allegedly interfered with McRaney's BCMD employment and later efforts to earn a living and distressingly defamed him, NAMB was exercising "the Baptist Church's" unreviewable governance over one of "the Church's" leaders stationed at a subordinate entity. But those notions are foreign to Baptist polity.

In Baptist polity, only autonomous entities exist, including autonomous local Baptist churches, associations, and conventions. Contrary to the district court's opinion, there is no "the Baptist Church" with unified "mission" and "government." Mem. Op. (Appellant's RE at 53–55). And unlike "the Church" of England's historically exclusive jurisdiction over its clergy, *McRaney I*, 980 F.3d at 1076 (Oldham, J., dissenting from denial of reh'g en banc), the NAMB entity of the Southern Baptist Convention has no authority to govern or control the employees, faith, or doctrine of BCMD, an independent state convention. *See supra* at 11–12. NAMB's actions vis-à-vis McRaney thus could not possibly "involv[e] internal, purely ecclesiastical matters of church governance that federal courts have no business adjudicating," *Id.* at 1069 (Ho, J., dissenting from denial of reh'g en banc).

## II. The district court's ecclesiastical abstention perversely undermines religious liberty.

Though ecclesiastical abstention principles are designed to protect religious liberty, the district court's misplaced abstention threatens religious liberty in at least two ways.

*First*, it deprives Baptist pastors and convention leaders of access to civil legal protection that is available to secular persons in like circumstances. The First Amendment does not give religious institutions "a general immunity from secular laws," *Guadalupe*, 140 S. Ct. at 2060, like civil laws prohibiting them from interfering with the business relationships and reputation of someone who is not their employee. Yet the district court held that a state Baptist convention's former employee cannot seek judicial relief when a separate and independent Baptist institution allegedly harmed him in those ways. This puts *amici* and other Baptist pastors and convention leaders at risk of harm, including employment interference and character assassination. And, even worse for First Amendment free exercise purposes, it puts them at risk *because* they operate in religious circles, employed by religious institutions.

In fact, barring the secular courthouse door is particularly harmful to Baptist leaders because Baptists have no "church law" or "church courts" to turn to. Hierarchical denominations like the Roman Catholic Church,[7] the Episcopal Church,[8] the Presbyterian Church (U.S.A.),[9] and the Presbyterian Church in

---

[7] *See* Code of Canon Law, *available at* https://www.vatican.va/archive/cod-iuris-canonici/cic_index_en.html (last visited Nov. 6, 2023).

[8] *See* Constitution and Canons of the General Convention of the Episcopal Church, Article IX, Of Courts: *available at* https://extranet.generalconvention.org/staff/files/download/23830 (last visited Nov. 6, 2023).

[9] *See* The Constitution of the Presbyterian Church (U.S.A.), Part II, Book of Church Order, "Church Discipline," *availableat* https://www.pcusa.org/site_media/media/uploads/oga/pdf/boo_2023-2023_publishedversion_cover_and_boo_complete.pdf (last visited Nov. 6, 2023).

America[10] have developed church laws and courts for their disputes because, due to their polity, their disputes *are* usually inside "the Church" and secular courts rightly cannot adjudicate them. But precisely *because of Baptist polity*—the individual autonomy of Baptist churches, associations, and conventions—Baptists do not have "church laws" or "church courts" or a hierarchical authority to enact and administer them. So if Baptists cannot bring secular causes of action in secular courts against independent Baptist entities because of misplaced ecclesiastical abstention, then Baptists have no recourse for wrongdoing.

*Second*, in improperly abstaining, the district court violated religious liberty by judicially declaring Baptist polity to be something other than what Baptists say that it is. The First Amendment guarantees that Baptists get "to decide for themselves, free from state interference, matters of church government as well as those of faith and doctrine." *Guadalupe*, 140 S. Ct. at 2055. That means, at a minimum, that the district court and this Court must accept the undisputed facts in this case establishing how *Baptists* define a Baptist "church" and understand their "government." Otherwise, as Appellant's expert rightly observed, "the U.S. court system will have transformed and redefined Baptists into something they have always insisted they are not." Appellant's Br. 14–15. That is exactly the error that

---

[10] *See* The Book of Church Order of the Presbyterian Church in America, Chapters 10–11, *available at* https://www.pcaac.org/bco/ (last visited Nov. 6, 2023).

dissenting judges of this Court made in this case's prior appeal, and it's an error the district court repeated below.

## CONCLUSION

The Court should defer to Baptists' understanding of their own polity, hold that this case does not implicate an inner church dispute, vacate the district court's order, and remand for adjudication of McRaney's claims.

Respectfully submitted,

*/s/ Michelle Stratton*
Michelle Stratton
SMYSER KAPLAN & VESELKA LLP
717 Texas Avenue, Suite 2800
Houston, Texas 77002
(713) 221-2300
(713) 221-2320 (fax)
mstratton@skv.com

*Counsel for* Amici Curiae *Current and Former Baptist Leaders*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 29(a)(5) because it contains 2,131 words, excluding the parts of the brief exempted by Rule 32(f).

This brief complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 16 in Times New Roman 14-point font for main text and 13-point font for footnotes.

*/s/ Michelle Stratton*
Michelle Stratton

# CERTIFICATE OF SERVICE

On November 7, 2023, I served this brief via the court's electronic filing system or e-mail on all counsel of record below:

Scott E. Gant
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
(202) 237-2727
sgant@bsfllp.com

*Counsel for Plaintiff-Appellant*
*Will McRaney*

Matthew T. Martens
Timothy J. Perla
Joshua A. Vittor
WILMER CUTLER PICKERING HALE AND DORR, LLP
2100 Pennsylvania Avenue, N.W.
Washington, DC 20037
(202) 663-6000
matthew.martens@wilmerhale.com
timothy.perla@wilmerhale.com
Joshua.vittor@wilmerhale.com

*Counsel for Defendant-Appellee*
*The North American Mission Board*
*of the Southern Baptist Convention, Incorporated*

                                           */s/ Michelle Stratton*
                                           Michelle Stratton

1358264.1