No. 23-60494

# In the United States Court of Appeals for the Fifth Circuit

WILL MCRANEY,

*Plaintiff-Appellant,*

v.

THE NORTH AMERICAN MISSION BOARD OF THE
SOUTHERN BAPTIST CONVENTION, INC.,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Northern District of Mississippi
No. 1:17-cv-00080-GHD-DAS

**MOTION OF THE BECKET FUND FOR RELIGIOUS LIBERTY
TO FILE AN AMICUS CURIAE BRIEF IN SUPPORT OF
DEFFENDANT-APPELLEE AND AFFIRMANCE**

DANIEL H. BLOMBERG
  *Counsel of Record*
ADELE A. KEIM
AMANDA G. DIXON*
THE BECKET FUND FOR
  RELIGIOUS LIBERTY
1919 Pennsylvania Ave. NW
  Suite 400
Washington, D.C. 20006
dblomberg@becketlaw.org

* Not a member of the D.C. Bar; admitted only in North Carolina. Supervised by licensed D.C. Bar members.

*Counsel for Amicus Curiae*

## SUPPLEMENTAL CERTIFICATE OF INTERESTED PERSONS

Under Fifth Circuit Rule 29.2, undersigned counsel supplements Appellant and Appellee's Certificates of Interested Parties to fully disclose all persons with interest in this amicus brief. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal. Counsel of record certifies that the following persons and entities as described Fifth Circuit Rule 29.2 have an interest in the amicus brief.

The Becket Fund for Religious Liberty, amicus curiae.

Daniel H. Blomberg, counsel for amicus curiae.

Adèle A. Keim, counsel for amicus curiae.

Amanda G. Dixon, counsel for amicus curiae.

## CORPORATE DISCLOSURE STATEMENT

Amicus Curiae the Becket Fund for Religious Liberty is a non-profit 501(c)(3) organization and has no corporate parent and is not owned in whole or in part by any publicly held corporation.

# MOTION

Pursuant to Federal Rule of Appellate Procedure 29 and 5th Circuit Rule 29.2, the Becket Fund for Religious Liberty ("the Becket Fund" or "Becket") respectfully requests leave to file an amicus brief in support of Appellees and affirmance. Appellee has consented to the filing of this brief. Appellant's counsel asked to review a draft of the brief before determining consent, but due to logistical complications between the schedules for counsel of amicus and counsel for Appellant, counsel for amicus was not able to provide a draft and receive Appellant's position on consent before filing.

Under the Federal Rules of Appellate Procedure, a motion for leave to file an amicus brief should state "the movant's interest" and "the reason why an amicus brief is desirable" and "relevant to the disposition of the case." Fed. R. App. P. 29(a)(3). This Circuit further emphasizes the need for amici to make a distinctive contribution, admonishing that amicus briefs avoid repetition of the principal briefs and "focus on points either not made or not adequately discussed in those briefs." 5th Cir. R. 29.2. The Becket Fund's proposed amicus brief meets both the interest/relevance and distinctive contribution requirements.

*Interest and Relevance.* The Becket Fund has a significant interest in the proper disposition of this appeal. Appellant, an ordained Baptist minister, has asserted that neither the ministerial exception nor the church autonomy doctrine apply to his lawsuit in part because Baptists in

America structure themselves in a non-hierarchical fashion. Br.12. But many other religious groups in the U.S.—including Jewish, Muslim, and Sikh communities—also eschew a central religious hierarchy. Becket Br.3-4. As a non-profit, nonpartisan law firm dedicated to protecting religious liberty for all, Becket has represented agnostics, Buddhists, Christians, Hindus, Jews, Muslims, Native Americans, Santeros, Sikhs, and Zoroastrians, among others. *See, e.g., Agudath Israel of Am. v. Cuomo*, 141 S.Ct. 889 (2020) (Orthodox Jewish synagogues); *Holt v. Hobbs*, 574 U.S. 352 (2015) (Muslim prisoner); *Singh v. Berger*, 56 F.4th 88 (D.C. Cir. 2022) (Sikh military recruits). Because of this broad experience protecting religious liberty for all, Becket can speak to the need to protect religious autonomy across a broad variety of faith traditions. *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. EEOC*, 565 U.S. 171, 198 (2012) (Alito, J., joined by Kagan, J., concurring) (noting that "virtually every religion in the world is represented in the population of the United States").

The Becket Fund's proposed amicus brief is both relevant and desirable. The Becket Fund successfully represented the petitioner religious organizations in both *Hosanna-Tabor* and *Our Lady of Guadalupe School v. Morrissey-Berru*, 140 S. Ct. 2049 (2020), the only two cases in which the Supreme Court has considered the ministerial exception doctrine. Becket has represented prevailing parties in numerous other church autonomy cases. *See, e.g., Whole Woman's Health v. Smith*, 896 F.3d 362

(5th Cir. 2018); *Starkey v. Roman Catholic Archdiocese of Indianapolis*, 41 F.4th 931 (7th Cir. 2022); *Demkovich v. St. Andrew the Apostle Parish*, 3 F.4th 968 (7th Cir. 2021) (en banc); *Lee v. Sixth Mount Zion Baptist Church*, 903 F.3d 113 (3d Cir. 2018); *Fratello v. Archdiocese of N.Y.*, 863 F.3d 190 (2d Cir. 2017); *In re Diocese of Lubbock*, 624 S.W.3d 506 (Tex. 2021). Becket has also previously been granted leave to file amicus briefs in important circuit court cases like this one. *See, e.g., Grussgott v. Milwaukee Jewish Day Sch., Inc.*, 882 F.3d 655 (7th Cir. 2018) (ministerial exception for Jewish day school), *Sterlinski v. Catholic Bishop of Chi.*, 934 F.3d 568 (7th Cir. 2019) (ministerial exception for Catholic parish). Thus, leave to file should be granted. *See Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.) (noting approvingly that "the predominant practice in the courts of appeals" is to "freely grant leave to file, provided the brief is timely and well-reasoned").

*Distinctive Contribution.* The Becket Fund's brief makes a distinctive contribution to this case in at least two ways. First, the brief explains how Appellant's arguments could harm non-hierarchical religious groups. Becket Br.3-4, 17-19. Many religious groups in the United States make decisions through a process of sometimes-lively dialogue between co-religionists. Under Appellant's view, federal courts could be dragged into the middle of any these disagreements so long as the two disputing religious leaders do not have the same person signing their paycheck. As

the brief explains, this result is barred by the structural limitations of the church autonomy doctrine.

Second, the brief explains why the district court erred when it held that the ministerial exception did not apply simply because there was no employment agreement between Appellant and Appellee. Becket Br. 15-16. Many U.S. religious communities do not have paid clergy, and many others rely on a combination of paid clergy and unpaid lay volunteers to carry out their ministry. *Id.* Shrinking the ministerial exception to paid staff would allow the government to impose qualifications on some religious leaders, simply because they are volunteers—as is often the case with the religious leadership of religious student groups on college campuses. *See InterVarsity Christian Fellowship/USA v. Bd. of Governors of Wayne State Univ.*, 534 F. Supp. 3d 785, 797 (E.D. Mich. 2021) (barring that result).

## CONCLUSION

For all the foregoing reasons, the Becket Fund should be granted leave to file the attached amicus brief.

|  |  |
|---|---|
| Dated: December 7, 2023 | Respectfully submitted, |
|  | /s/ Daniel H. Blomberg |

DANIEL H. BLOMBERG
  *Counsel of Record*
ADELE A. KEIM
AMANDA G. DIXON*
THE BECKET FUND FOR
 RELIGIOUS LIBERTY
1919 Pennsylvania Ave. NW,
  Suite 400
Washington, D.C. 20006
dblomberg@becketlaw.org

* Not a member of the D.C. Bar; admitted only in North Carolina. Supervised by licensed D.C. Bar members.

*Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

On December 7, 2023, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; and (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1.

/s/ Daniel H. Blomberg
Daniel H. Blomberg

## CERTIFICATE OF COMPLIANCE

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d) because it contains 880 words, excluding supplemental certificate of interested parties; and (2) the typeface and type style requirements of Rule 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word (the program used for the word count).

/s/ Daniel H. Blomberg  
Daniel H. Blomberg
