# United States Court of Appeals

*for the*

# Fifth Circuit

*U.S. COURT OF APPEALS*
**RECEIVED**
**Dec 12, 2023**
*FIFTH CIRCUIT*

Case No. 23-60494

WILL McRANEY,

        *Plaintiff-Appellant,*

v.

THE NORTH AMERICAN MISSION BOARD
OF THE SOUTHERN BAPTIST CONVENTION, INCORPORATED,

        *Defendant- Appellee.*

On Appeal From The United States District Court
For the Northern District Of Mississippi
Case No. 1:17-cv-00080-GHD-DAS

**REPLY OF THE EXECUTIVE COMMITTEE
OF THE SOUTHERN BAPTIST CONVENTION TO APPELLANT WILL
McRANEY'S OPPOSITION TO MOTION FOR LEAVE TO FILE BRIEF
AS *AMICUS CURIAE***

LARRY L. CRAIN
CRAIN LAW GROUP, PLLC
5214 Maryland Way, Suite 402
Brentwood, TN 37027
(615) 376-2600
larry@crainlaw.legal

*Counsel for Amicus Curiae*

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ........................................................................................i

TABLE OF AUTHORITIES ..................................................................................ii

SUPPLEMENTAL STATEMENT OF INTERESTED PARTIES ...................1

CORPORATE DISCLOSURE STATEMENT...................................................1

REPLY ARGUMENT ...........................................................................................2

CONCLUSION ......................................................................................................4

CERTIFICATE OF COMPLIANCE ..................................................................5

CERTIFICATE OF SERVICE .............................................................................6

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Boudreaux v. School Board of St. Mary Parish*
　　2023 WL 4771231, at *3 (W.D.La. 2023) ....................................................4

*Texas v. United States*
　　No. 6:21-CV-00003, 2021 WL 2172837
　　(S.D. Tex. Mar. 5, 2021) ...............................................................................4

*U.S. ex rel. Gudur v. Deloitte Consulting LLP*
　　512 F.Supp.2d 920, 927 (S.D. Tex. 2007) ....................................................4

*U.S. ex rel. Gudur v. Deloitte & Touche*
　　No. 07-20414, 2008 WL 3244000 (5th Cir. Aug. 7, 2008) ...........................4

**SUPPLEMENTAL STATEMENT OF INTERESTED PARTIES**

Under Fifth Circuit Rule 29.2, undersigned counsel supplements Appellant's Certificate of Interested Parties to fully disclose all persons with interest in this amicus brief. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. Larry L. Crain, counsel for the *amicus curiae*.

2. The Executive Committee of the Southern Baptist Convention – *amicus curiae*.

3. Crain Law Group, PLLC – law firm of counsel for *amicus curiae*.

**CORPORATE DISCLOSURE STATEMENT**

Amicus Curiae the Executive Committee of the Southern Baptist Convention is a non-profit, Tennessee corporation and has no corporate parent and is not owned in whole or in part by any publicly held corporation.

## REPLY ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 27(a)(4), the Executive Committee of the Southern Baptist Convention ("ECSBC") respectfully files this Reply to Appellant Will McRaney's Opposition To Motion For Leave To File Brief As *Amicus Curiae*.

The sole basis of the Appellant McRaney's opposition to the ECSBC's motion for leave to file an *amicus* brief in support of the Appellee The North American Mission Board of the Southern Baptist Convention, Inc. ("NAMB") is that the NAMB and the ECSBC are "closely related affiliates." (Doc. 50, at p. 4). Specifically, McRaney argues that the NAMB and the ECSBC "are not sufficiently separate entities," and cites broadly to Rule 29 Fed.R.App. P. for this misplaced argument.

In fact, Rule 29 does not require that an amicus be a "sufficiently separate entit[y]." Instead, the applicable section, Rule 29(4)(E), states,

> (E) unless the amicus curiae is one listed in the first sentence of Rule 29(a)(2), a statement that indicates whether:
>
> (i) a party's counsel authored the brief in whole or in part;
>
> (ii) a party or a party's counsel contributed money that was intended to fund preparing or submitting the brief; and
>
> (iii) a person—other than the amicus curiae, its members, or its counsel—contributed money that was intended to fund preparing or submitting the brief and, if so, identifies each such person;

2

None of these factors apply to the ECSBC – no party authored the brief, contributed money intended to fund the brief, and there is no third party contributing money to fund the brief. Comments to the 2010 revision to the Appellate Rules which added these provisions state the reason was to prohibit parties from avoiding page limits by writing or funding an amicus brief.

McRaney misrepresents the relationship between the SBC, ECSBC, and NAMB. The SBC's role as the sole member of NAMB is limited to electing Trustees. Beyond the election of Trustees, the SBC does not claim and is expressly prohibited from ever attempting to exercise any authority over NAMB. (SBC *Constitution,* Art. IV). The ECSBC is "specifically authorized, instructed, and commissioned" by the SBC to perform certain enumerated duties on behalf of the SBC, including "To act for the Convention *ad interim* [that is, in the interim between the two-day annual meetings of the SBC messengers] in all matters not otherwise provided for." (SBC *Bylaws* §18). The Motion for Leave and the requested *amicus* brief are filed on behalf of the SBC by ECSBC pursuant to its *ad interim* authority and responsibility. The ECSBC has no legal or governance authority over NAMB to direct any action of NAMB, and neither the SBC nor the ECSBC control the finances or expenditures of any funds by NAMB. NAMB is governed by its Trustees.

While it is true that NAMB and the *amicus curiae* are aligned in their positions, the perspective and arguments of the ECSBC are sufficiently separate and

distinct to warrant consideration of its views which it submits will assist the court in resolving the important issues before it.

When deciding whether to grant leave to file an amicus brief under Rule 29, courts generally look at factors such as whether the proposed *amicus* has a unique interest in the case, and whether the proposed *amicus* brief is "timely and useful or otherwise necessary to the administration of justice." *Boudreaux v. School Board of St. Mary Parish*, 2023 WL 4771231, at *3 (W.D.La. 2023), citing *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F.Supp.2d 920, 927 (S.D. Tex. 2007), *aff'd sub nom. U.S. ex rel. Gudur v. Deloitte & Touche,* No. 07-20414, 2008 WL 3244000 (5th Cir. Aug. 7, 2008); *Texas v. United States*, No. 6:21-CV-00003, 2021 WL 2172837, at *1 (S.D. Tex. Mar. 5, 2021).

## CONCLUSION

Based on the foregoing reasoning and authorities, *Amicus* respectfully submits that its motion for leave to file an *amicus* brief is well-taken and should be granted.

/s/ Larry L. Crain
LARRY L. CRAIN
CRAIN LAW GROUP, PLLC
5214 Maryland Way, Suite 402
Brentwood, TN 37027
Tel:  (615) 376-2600
Fax:  (615) 345-6009
Email:  larry@crainlaw.legal

*Counsel for Amicus Curiae*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. The foregoing motion complies with the word limits of Fed. R. App. P. 32(g)(1) and Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Fed. R. App. P. 27(d)(2), the word count feature in Microsoft Word reports that this document contains 646 words.

2. The foregoing Reply Memorandum complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, size 14 font.

        */s Larry L. Crain*
        Larry L. Crain, Tn.Sup.Crt. # 009040
        Crain Law Group, PLLC
        5214 Maryland Way, Suite 402
        Brentwood, TN. 37027
        Tel.  (615) 376-2600
        Email:  larry@crainlaw.legal

        *Counsel for Amicus Curiae*
        *Executive Committee of the Southern*
        *Baptist Convention*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2023, I filed the foregoing Reply Memorandum In Support of Motion For Leave To File Amicus Brief On Behalf of The Executive Committee Of The Southern Baptist Convention via the CM/ECF

system, which will send a Notification of Electronic Filing to the following counsel of record:

Scott E. Gant
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
(202) 237-2727

*Counsel for Plaintiff-Appellant
Will McRaney*


Matthew T. Martens
Timothy J. Perla
Joshua A. Vittor
WILLMER CUTLER PICKERING HALE AND DORR, LLP
2100 Pennsylvania Avenue, N.W.
Washington, DC  20037
(202) 663-6000
Matthew.martens@wilmerhale.com
Timothy.perla@wilmerhale.com
Joshua.vittor@wilmerhale.com

*Counsel for Defendant-Appellee
The North American Mission Board
of the Southern Baptist Convention, Incorporated*


Michelle Stratton
SMYSER KAPLAN & VESELKA LLP
717 Texas Avenue, Suite 2800
Houston, Texas 77002
(713) 221-2300
mstratton@skv.com

*Counsel for Amici Curiae Current and
Former Baptist Leaders*

Daniel Howard Blomberg
Direct: 202-955-0095
Email: dblomberg@becketlaw.org
[NTC Retained]
Becket Fund for Religious Liberty
Suite 400
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006

*Counsel for Amici Curiae*
*Becket Fund for Religious Liberty*


R. Shawn Gunnarson Jarom Harrison
Donald N. Lundwall
KIRTON | MCCONKIE
36 South State Street
Suite 1900
Salt Lake City, UT 84111
(801) 328-3600

*Counsel for Amici Curiae*
*The Church of Latter-Day Saints,*
*The Islam and Religious Freedom Action Tea , et al.*

/s/ Larry L. Crain
LARRY L. CRAIN
CRAIN LAW GROUP, PLLC
5214 Maryland Way, Suite 402
Brentwood, TN 37027
Tel:  (615) 376-2600
Fax:  (615) 345-6009
larry@crainlaw.legal

*Counsel for Amicus Curiae*
*Executive Committee of the Southern*
*Baptist Convention*

7