

1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
202-955-0095 / @BecketLaw
www.becketlaw.org

May 30, 2024

**By Electronic Case Filing**

Lyle W. Cayce
Clerk of Court
United States Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re: *McRaney v. The North American Mission Board of the Southern Baptist Convention, Inc.*, No. 23-60494
Rule 28(j) Notice of Supplemental Authority:

*Billard v. Charlotte Catholic High School*, ---F.4th---, 2024 WL 2034860 (4th Cir. May 9, 2024)

Dear Mr. Cayce:

*Billard* re-affirmed decades of precedent confirming that the ministerial exception is "grounded" in "constitutional structure." 2024 WL 2034860, at *5. It recognized that *Hosanna-Tabor* and *Our Lady* "plainly adopted" this "structural understanding[.]" *Id.* at *6. And it explained that the exception's role in addressing "structural concerns regarding separation of powers" means that it does not "protect the church alone" but "also confines the state and its civil courts to their proper roles." *Id.* at *5, *8. *Billard* accordingly held that the exception "immunizes" religious defendants from civil lawsuits over religious leadership disputes, "exempting from legal process 'decisions of religious entities about the appointment and removal of ministers.'" *Id.* at *5, *8 (quoting *Bell v. Presbyterian Church*, 126 F.3d 328 (4th Cir. 1997)).

These conclusions have practical ramifications. Becket Br. 5-11. For instance, since the ministerial exception implicates both interests of religious defendants and civil courts, federal courts can "raise and consider it *sua sponte*—even if waived." 2024 WL 2034860, at *5. And unlike a typical affirmative defense that merely concerns liability, "the point of the ministerial exception" is to more broadly bar judicial review of ministerial decisions because "the 'very process of judicial inquiry' subjects those



decisions to invasive scrutiny and takes a civil court outside its proper role." *Id.* at *8 (quoting *NLRB v. Catholic Bishop*, 440 U.S. 490 (1979)) (cleaned up). This in turn explains why the "norm" in ministerial exception cases is resolving the defense as a threshold matter *before* reaching the merits of a plaintiff's claims. *Id.*

*Billard* disposes of Pastor McRaney's argument that the ministerial exception's non-jurisdictional status requires remand. As *Billard* explained, the exception's non-jurisdictional nature doesn't "cast doubt on the exception's structural basis" or the related "importance in partitioning civil authorities from religious ones." *Id.* at *6. And because "[t]he exception operates structurally," it "categorically prohibit[s] federal *and* state governments from becoming involved in religious leadership disputes." *Id.* at *5 (emphasis added) (cleaned up). Allowing Pastor McRaney's claims to proceed further, whether through remand or otherwise, would thus "undermine [the purpose] of the ministerial exception itself." *Id.* at *8; Becket Br. 15.

Word Count: 350

                                       Respectfully submitted,

                                       /s/ Daniel H. Blomberg
                                       DANIEL H. BLOMBERG
                                          *Counsel of Record*
                                       ADÈLE A. KEIM
                                       AMANDA G. DIXON
                                       THE BECKET FUND FOR
                                          RELIGIOUS LIBERTY
                                     1919 Pennsylvania Ave. NW, Suite 400
                                     Washington, DC 20006
                                     dblomberg@becketlaw.org

cc: All counsel of record (by ECF notification)